UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-531 DRL-SJF |
| HUSIN and BRANDY, | |
| Defendants. | |

OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Dewey alleges that every morning at the Allen County Jail, he was allowed out of his cell for one hour to shower. On May 23, 2024, Officer Husin let him out of his cell to shower, but when Mr. Dewey arrived at the shower, he noticed that the lights were off. He went to the window to try and get Officer Husin's attention, but the officer had already left the block. Mr. Dewey says he desperately needed to shower because he had soiled himself, so he went ahead and showered in the dark so he wouldn't run out of time. Mr. Dewey alleges it was so dark in the shower that he fell and hurt his back, despite

using the handrails. Later, he says he learned that the lights were working, but Officer Husin forgot to turn them on. Mr. Dewey sues Officer Husin on the basis that he knew Mr. Dewey was going to shower and needed lights to see but forgot to turn them on, resulting in him falling.

Pretrial detainees must be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. Appx. 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a defendant's actions are reasonable or whether they amount to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," so allegations of negligence, even gross negligence, don't state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Here, there are no plausible allegations that Officer Husin's act of not turning on the shower lights was more than negligence, if even that. Negligence does not rise to the

2

level of a constitutional violation. Further, Mr. Dewey chose to take the risk of showering in the dark. He was in the tough position of potentially running out of time to shower while waiting for another officer to come or taking the risk of showering in the dark. He chose to take the risk, which does not become a constitutional violation by virtue of his status as a prisoner.

Next, Mr. Dewey alleges that after he reported his fall, Nurse Brandy came to assess his injuries the next day. She told him that if he wanted medical care, he would be charged $15. Mr. Dewey refused to pay because he believed he was hurt by the negligence of a jail officer. Nurse Brandy told him if he didn't pay, he would not be treated for his injuries. Mr. Dewey refused to pay and also refused to sign a waiver because he didn't want to release the jail from liability. He sues Nurse Brandy for not providing him medical care.

Pretrial detainees are entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Mr. Dewey does not provide details to allege his injury presented a risk of serious harm. But even if his injury was serious, the jail is allowed to charge a fee for medical care to those who can afford to pay. *See Poole v. Isaacs*, 703 F.3d 1024, 1027–28 (7th Cir. 2012) ("imposition of a modest fee for medical services, standing alone, does not violate the Constitution"); *see also Rankin v. Baker*, 770 F. App'x 752, 754 (7th Cir. 2019); *Evans v. Heidorn*, 556 F. Appx. 493, 494 (7th Cir. 2014). Mr. Dewey's ledger shows that he received regular deposits to his inmate trust fund account in the months

3

preceding the filing of this lawsuit, going back to June 3, 2024. *See* ECF 2. It is implausible that he was indigent when his injury occurred at the end of May 2024. He does not state a claim against Nurse Brandy.

This complaint does not state a claim for which relief can be granted. If Mr. Dewey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Finally, Mr. Dewey moves for summary judgment. ECF 20. Because his complaint does not state a claim for relief, he is not entitled to judgment in his favor. His motion will be denied.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 20);

(2) GRANTS Charles Lee Dewey, III, until **October 2, 2025**, to file an amended complaint; and

(2) CAUTIONS Charles Lee Dewey, III if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

4

SO ORDERED.

September 4, 2025                                          _s/ Damon R. Leichty_
                                                           Judge, United States District Court